IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

C.T.,

          Plaintiff,

v.                                                     Case No. 06-2093-JWL

LIBERAL SCHOOL DISTRICT, et al.,

          Defendants.

───────────────────────────────

G.B.,

          Plaintiff,

v.                                                     Case No. 06-2360-JWL

LIBERAL SCHOOL DISTRICT, et al.,

          Defendants.

───────────────────────────────

J.B.,

          Plaintiff,

v.                                                     Case No. 06-2359-JWL

LIBERAL SCHOOL DISTRICT, et al.,

          Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court upon the plaintiffs' Consolidated Motion to Disqualify Counsel, J. Gregory Swanson ("Swanson") (Doc. 59). Specifically, plaintiffs seek to disqualify Mr. Swanson as counsel for defendant Johnny Aubrey. Defendants, including Mr.

Aubrey, have not filed a response and the time allowed to do has passed.[1]  Thus, the present motion is ripe for decision.  Because defendants have failed to file a timely response, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2]  However, in light of the relief sought, the court finds additional discussion warranted on the present motion.

## I.     Relevant Factual Background.

Plaintiff J.B. commenced his action in the United States District Court for the District of Kansas on August 29, 2006.  In plaintiff J.B.'s complaint, plaintiff alleges numerous counts against defendants, many arising out of the alleged inappropriate sexual misconduct of defendant Aubrey.[3]  Specifically, plaintiff alleges that defendant Aubrey engaged in sexual misconduct with plaintiff J.B. between 2001 and 2003.[4]  On September 26, 2006, the court granted plaintiff C.T.'s unopposed motion to consolidate *C.T. v. Liberal School District*, et al, Case No. 06-2093-JWL, *G.B. v. Liberal School District*, et al, Case No. 06-2360-JWL, and *J.B. v. Liberal School District*, et al, Case No 06-2359-JWL for the purposes of discovery.[5]

## II.    Parties Contentions.

Plaintiff J.B. contends that counsel Swanson represented him in a juvenile misdemeanor

---

[1] *See* D. Kan. R. 6.1(d)(1).

[2] D. Kan. Rule 7.4.

[3] Case No. 06-2359-JWL Complaint (Doc. 1).

[4] *Id.* at p. 3.

[5] Case No. 06-2093-JWL Order granting Motion to Consolidate Cases (Doc. 24).

proceeding for battery against a school employee and disorderly conduct.[6] Plaintiffs allege that the actions that lead to the juvenile proceeding against J.B. are a result of plaintiff J.B.'s complaints of sexual abuse against defendant Aubrey.[7] Specifically, plaintiff J.B. states that "[t]he juvenile matter for which I retained Mr. Swanson to represent me arose out of an altercation I had with a school official that forms one factual basis for my complaint of harassment and retaliation against the school district."[8] Plaintiffs argue that the two matters "are so substantially related, that they are virtually the same matter"[9] and thus disqualification of Mr. Swanson is appropriate.

### III.   Discussion.

#### A.   General Rules Regarding Disqualification of Counsel.

To decide a motion to disqualify counsel is left to the court's sound discretion.[10] "A court has the inherent power to disqualify counsel 'where necessary to preserve the integrity of the adversary process.'"[11] The court must decide a motion to disqualify on its own facts and carefully balance the right of the party to have the counsel of his or her choice with the interest

---

[6]Plaintiffs' Consolidated Motion to Disqualify Counsel Swanson (Doc. 59) at p. 2.

[7]*Id.*

[8]Plaintiffs' Memorandum in Support of Consolidated Motion to Disqualify Counsel Swanson (Doc. 60) (Exhibit 2, Affidavit of J.B.).

[9]Plaintiffs' Memorandum in Support of Consolidated Motion to Disqualify Counsel Swanson (Doc. 60) at p. 4.

[10]*See Lowe v. Experian,* 328 F. Supp. 2d 1122, 1125 (D. Kan. 2004); *Koch v. Koch Indus., Inc.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992)(*citing E.E.O.C. v. Orson H. Gygi Co. Inc.*, 749 F.2d 620, 621 (10th Cir. 1984).

[11]*Lowe*, 328 F. Supp. 2d at 1125 (citing *Field v. Freedman*, 527 F. Supp. 935, 940 (D. Kan. 1981)).

in protecting the integrity of the judicial process.[12]

### B.    Rule 1.9(a) Standard

Pursuant to D. Kan. Rule 83.6.1(a), the District of Kansas adopts the Kansas Rules of Professional Conduct, as adopted by the Supreme Court of Kansas, as the applicable standards of professional conduct.

Kan. R. Prof. Conduct 1.9 provides:

> A lawyer who has formally represented a client in a matter shall not thereafter: (a) represent another person in the same or substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.

Before the court will disqualify a lawyer under 1.9(a) "the party moving for disqualification [must] establish that (1) the attorney whose disqualification is sought formerly represented them in a matter; (2) the matter is substantially related to a matter in which the attorney now seeks to represent a new client; and (3) the new client's interest is substantially adverse to the interest of the party seeking disqualification."[13]  The party alleging the conflict bears the burden of proof under Rule. 1.9(a).[14]

### C.    Mr. Swanson formerly represented  plaintiff J.B. and Mr. Aubrey's interest is substantially adverse to plaintiff J.B.

---

[12]*Id.* (citations omitted).

[13]*Briggs v. Aldi, Inc.,* 218 F. Supp.2d 1260, 1266-67 (D. Kan. 2002) (quoting *Chrispens v. Coastal Refining & Marketing, Inc.,* 257 Kan. 745, 756 (1995)).

[14] *Id.* at 1267.

The court finds that plaintiff J.B. has met his burden as to the first and third prongs of the test.  First, plaintiff has attached as Exhibits a Notice of Appeal filed by Mr. Swanson on behalf of plaintiff J.B.[15] and a Presentence Investigation Report[16] listing Mr. Swanson as plaintiff's attorney in a juvenile misdemeanor case.  These Exhibits along with plaintiff' J.B.'s attested affidavit, demonstrate that Mr. Swanson represented plaintiff J.B. in a previous matter.  Second, Mr. Swanson represents defendant Johnny Aubrey in the case brought by J.B., No. 06-2359-JWL and the other two consolidated cases for the purposes of discovery, Case Nos. 06-2093-JWL and 06-2360-JWL.  Moreover, the court finds that defendant Aubrey's interests are adverse to the interests of all plaintiffs, including plaintiff J.B.

### D.    Plaintiff J.B.'s case, Case No. 06-2359-JWL, is substantially related to the matter of J.B.'s juvenile arrest and prosecution.

The Kansas Supreme Court has declined to define "substantially related" in the context of Rule 1.9(a).  Rather, the Kansas Supreme Court has encouraged courts to evaluate motions to disqualify under Rule 1.9(a) on a case-by-case basis.[17]  To that end, the court must "evaluate the similarities between the factual bases of the two representations."[18]  "Such an evaluation requires the court to 'reconstruct the attorney's representation of the former client, to infer what confidential information could have been imparted in that representation, and to decide whether

---

[15] Plaintiffs' Memorandum in Support of Consolidated Motion to Disqualify (Doc. 60) (Exhibit A).

[16] Plaintiffs' Consolidated Motion to Disqualify Counsel Swanson (Doc. 59) (Exhibit 1).

[17] *United States v. Miller*, No. 06-40068-JAR, 2006 U.S. Dist. LEXIS 58091 at *12 (D. Kan. 2006) (citing *Barragree v. Tri-County Elec. Co-op., Inc.* 263 Kan. 446 (1997)).  *See also Chrispens v. Costal Refining and Marketing, Inc.*, 257 Kan. 745, 753 (1995) ("Each case under . . . 1.9(a) . . . must be decided on its unique facts and application of the rule to those facts.").

[18] *Koch v. Koch Industries,* 798 F. Supp. 1525, 1536 (D. Kan. 1992).

that information has any relevancy to the attorney's representation of the current client.'"[19] The court should resolve the motion in favor of disqualification even when doubts exist as to the presence of a substantial relationship.[20]

Mr. Swanson previously represented plaintiff J.B. in a juvenile misdemeanor action where J.B. was found guilty of disorderly conduct and battery against a school employee.[21] Plaintiff J.B. contends that the prior juvenile matter arose out of an altercation with a school official after he revealed the alleged sexual misconduct of defendant Aubrey.[22] Mr. Swanson currently represents defendant Johnny Aubrey in three actions brought by three separate plaintiffs all of which allege that defendant Aubrey inappropriately touched plaintiffs in a sexual manner.[23]

The court finds that the underlying facts in the J.B.'s juvenile misdemeanor matter will likely be similar to at least some of the facts alleged in the J.B.'s suit. Plaintiff alleges that the altercation that lead to his arrest and prosecution in the juvenile matter is one of the incidents of harassment alleged in plaintiff's claims.[24] However, plaintiff J.B.'s complaint fails to

---

[19]*Briggs v. Aldi, Inc.*, 218 F. Supp.2d 1260, 1266-67 (D. Kan. 2002) (citing *Koch*, 798 F. Supp. At 1536).

[20] *United States v. Miller*, No. 06-40068-JAR, 2006 U.S. Dist. LEXIS at *13 (D. Kan. October 18, 2006)(citing *Koch*, 798 F. Supp. at 1537).

[21]Plaintiffs' Memorandum in Support of Consolidated Motion to Disqualify (Doc. 60) (Exhibit A).

[22]Plaintiffs' Memorandum in Support of Consolidated Motion to Disqualify (Doc. 60) at p. 4.

[23]Plaintiffs' Consolidated Motion to Disqualify Counsel J. Gregory Swanson (Doc. 59) at p. 2.

[24]*Id.*

specifically cite this altercation and his subsequent prosecution as evidence supporting his harassment claims. Yet, the court has no reason to distrust the assertion in plaintiff J.B.'s affidavit that this altercation and prosecution will support, at least partially, some his claims against the various defendants. Consequently, the court finds the juvenile misdemeanor case and Case No. 06-2359-JWL, *J.B. v. Liberal School District, et. al*, are substantially related matters, and that the disqualification of counsel Swanson is proper as to that case.

### D. Disqualification of Mr. Swanson regarding Case Nos. 06-2093 and 06-2360.

As for the remaining cases, Case Nos. 06-2093-JWL and 06-2360-JWL analysis under Kan. R. Prof. Conduct 1.9 is more problematic. Before the court will disqualify a lawyer under Kan. R. Prof. Conduct 1.9 "the party moving for disqualification [must] establish that (1) the attorney whose disqualification is sought formerly represented them in a matter; (2) the matter is substantially related to a matter in which the attorney now seeks to represent a new client; and (3) the new client's interest is substantially adverse to the interest of the party seeking disqualification."[25] Thus, pursuant to the requirements of Rule 1.9, J.B. cannot move for Mr. Swanson's disqualification in Case Nos. 06-2093-JWL and 06-2360-JWL because J.B. is not a party in those cases.[26]

### 1. Can Plaintiffs C.T. and G. B. seek the disqualification of Mr. Swanson?

---

[25]*Briggs v. Aldi, Inc.,* 218 F. Supp.2d 1260, 1266-67 (D. Kan. 2002) (quoting *Chrispens v. Coastal Refining & Marketing, Inc.,* 257 Kan. 745, 756 (1995)).

[26]*See e.g. United States v. Wittig*, Case No. 03-40142-10/02-JAR, 2005 U.S. Dist. LEXIS 8483 at *18 (D. Kan. May 6, 2005) (stating that the former client of defendant was "not a party to this case and thus unable to seek disqualification.").

"Generally, courts do not disqualify an attorney on the ground of conflict of interest unless the former client moves for disqualification."[27]  Thus, as a general rule, C.T. and G.B. lack standing to seek Mr. Swanson's disqualification in their own cases because neither is a former client of Mr. Swanson.

> a.  **The court will afford plaintiff C.T. and G.B. standing to seek Mr. Swanson's disqualification in their respective cases.**

However, an exception exists wherein "the interests of the public are so greatly implicated that third parties . . . are found to be entitled to raise any apparent conflicts of interest which may tend to undermine the validity of the proceedings."[28]  "When the actions of an attorney in the eyes of the public cast even the appearance of impropriety upon the legal profession, there exists an ethical duty upon each member of the bar and upon the court itself to examine the conduct and determine if a breach of professional ethics has occurred or is about to occur."[29]  Moreover, "a court has the inherent power to disqualify counsel 'where necessary to preserve the integrity of the adversary process.'"[30]   However, the court should cautiously consider opposing counsel's objection to the another attorney's conflict of interest, because such an objection "can be misused as a technique of harassment."[31]

In *United States v. Wittig*, the government sought to disqualify the defendant's counsel

---

[27] *Wittig*, 2005 U.S. Dist. LEXIS 8483 at *14 (citing *Beck v. Bd. of Regents of State of Kansas*, 568 F. Supp. 107, 1110 (D. Kan. 1983)).

[28]*Id.*

[29]*Id.* at *15 (citing *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992)).

[30]*Lowe v. Experian,* 328 F. Supp. 2d 1122, 1125 (D. Kan. 2004) (citing *Field v. Freedman*, 527 F. Supp. 935, 940 (D. Kan. 1981)).

[31] Kan. R. Prof. Conduct 1.7 cmt.

because said counsel had previously represented defendant's former employer, Westar Energy.[32] The court determined that officers of Westar Energy would likely testify against the defendant during the defendant's trial.  Indeed, far from consenting to counsel's representation of the defendant, the court noted that Westar Energy "strenuously object[ed]" to the representation of defendant by its former counsel.[33]  The defendant argued that the government lacked standing to raise the conflict of interest.  However, the court held that the government could seek to disqualify the defendant's counsel when said counsel would be required to either "elicit confidential information from a former client in violation of the ethical rules or refrain from vigorously cross-examining those witnesses."[34]  The court concluded that such a dilemma supported affording the government, a third-party, standing to raise the issue of opposing counsel's potential conflict.[35]

Here, in order to preserve the integrity of the adversary process, the court will afford plaintiffs C.T. and G.B. standing to raise the issue of Mr. Swanson's conflict.  The three cases at issue are separate and have not been consolidated for all purposes.  However, the court cannot turn a blind eye to the fact that these cases have been consolidated for the purposes of discovery. While the three cases involve different plaintiffs and slightly different defendants, each plaintiff is represented by the same firm and any given defendant, including defendant Aubrey, is represented by the same attorney on all three cases.  Consequently, Mr. Swanson could use any

---

[32]*Wittig*, 2005 U.S. Dist. LEXIS 8483 at *17.

[33] *Id.* at 18.

[34]*Id.* at 17.

[35]*Id.*

confidential knowledge obtained through representing J.B. in order to defend Mr. Aubrey in the C.T. and G.B. cases. More specifically, plaintiff J.B. could offer testimony against all defendants, including defendant Aubrey, in the C.T. and G.B. trials.[36] Thus, even in the trials of C.T. and G.B., Mr. Swanson would be forced to either elicit confidential information from J.B. or refrain from vigorously cross-examining him. In light of this dilemma, the court concludes that third parties C.T. and G.B. have standing to seek the disqualification of Mr. Swanson in their respective cases.

While the court has no reason to think Mr. Swanson has intentionally violated his duty of confidentiality to his former client J.B., an "appearance of impropriety" exists as to his representation of defendant Aubrey in the C.T. and G.B. cases. Consequently, the court has its own ethical duty to head off any potential breach of professional ethics.[37] As the depositions of plaintiff J.B. and defendant Aubrey are not scheduled until March 24 and 25, 2007[38] the court finds further reason to disqualify Mr. Swanson as to the C.T. and G.B. cases in order to avoid any further potential breach of professional ethics.

The court has carefully considered the importance of Mr. Aubrey's choice of his own counsel. However, under all the circumstances including Mr. Aubrey's lack of opposition to the present motion, the court's own ethical obligations, and the court's general interest in protecting

---

[36] This seems a likely scenario considering that plaintiffs C.T. and G.B. might use the facts surrounding J.B.'s juvenile misdemeanor charges as evidencing a variety of claims, including imputing notice of Mr. Aubery's alleged sexual misconduct to certain defendants.

[37] *Wittig*, 2005 U.S. Dist. LEXIS 8483 at *15 (citing *Koch.*, 798 F. Supp. at 1530).

[38] *See* Amended Notice (Doc. 67).

the integrity of the judicial process,[39] the court finds the disqualification of Mr. Swanson as to Case Nos. 06-2093-JWL and 06-2360-JWL warranted.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Consolidated Motion to Disqualify Counsel Swanson (Doc. 59) is hereby granted.

**IT IS FURTHER ORDERED** that Mr. Swanson is disqualified from representing Mr. Johnny Lynn Aubrey in Case Nos. 06-2359-JWL, 06-2093-JWL, and 06-2360-JWL on conflict of interest grounds pursuant to Kan. R. Prof. Conduct 1.9(a).

**IT IS SO ORDERED.**

Dated this 9th day of March, 2007, at Topeka, Kansas.

                                          s/ K. Gary Sebelius
                                         K. Gary Sebelius
                                         U.S. Magistrate Judge

---

[39] *Koch*, 798 F. Supp. at 1530 (citations omitted).