IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

C.T.,

        Plaintiff,

v.                                                                        Case No.  06-2093-JWL

LIBERAL SCHOOL DISTRICT, et al.,

        Defendants.
_____

G.B.,

        Plaintiff,

v.                                                                        Case No.  06-2360-JWL

LIBERAL SCHOOL DISTRICT, et al.,

        Defendants.
_____

J.B.,

        Plaintiff,

v.                                                                        Case No.  06-2359-JWL

LIBERAL SCHOOL DISTRICT, et al.,

        Defendants.

## <u>MEMORANDUM AND ORDER</u>

      This matter comes before the court upon plaintiffs' Combined Motion to Join Additional

Parties and Otherwise Amend Pleadings (Doc. 64).  Defendants James Maskus, Liberal School

District, USD #480, Dave Webb, Gary Cornelson, Tom Scott, and Mike Pewithers have filed a

response ("defendants")[1]  (Doc. 71).[2]  Plaintiff has not filed a reply, and the time to do so has

passed.[3]  The issues are thus fully briefed and ripe for decision.

**Discussion**

As to all three cases, plaintiffs seek to: remove counts VI, VII, and VIII[4]; remove James

Maskus as a defendant; retitle their Section 1983 claim to include all defendants; and add James

Little and Mike Pewethers as defendants.[5]  With the exception of Liberal Amateur Wrestling Club,

Inc. and United States of America Wrestling Association-Kansas, Inc., defendants in *G.B. v. Liberal*

*School District*, et. al, 06-2360, plaintiffs' proposed joinder would make the defendants identical in

all three cases.  The court also notes that plaintiffs filed the present motion within their February 12,

2007 deadline to file a motion to join or otherwise amend the pleadings.[6]

Defendants consent in part to the present motion but oppose three aspects of plaintiffs'

Motion to Amend.  Defendants argue (1) the court should dismiss without prejudice Counts VI, VIII

and VIII;  (2) joinder of Mr. Little is futile and thus improper; and (3) Mr. Little's service as

principal of Liberal School District is not a sufficient basis to name Mr. Little as a party.

**A.      Dismissal without prejudice of Counts VI, VII, and VIII.**

---

[1]While these cases involve other defendants, for the purposes of this motion, the court
will describe these specified defendants as "defendants."

[2]No other defendants have filed a response.

[3]Pursuant to D. Kan. 6.1(d)(1), plaintiffs' reply was due March 8, 2007.

[4]For plaintiff G.B., these counts are VII, VIII, and IX.  For the purpose of this order, the
court will refer to these counts as "Counts VI, VII, and VIII."

[5]Plaintiffs J.B. and G.B. seek only to add James Little as a defendant, having already
listed Mike Pewithers as a defendant.  *See* Case Nos. 06-2359-JWL and 06-2360-JWL.

[6]*See* Scheduling Order (Doc. 42).

First, defendants object to merely allowing plaintiffs to submit amended complaints without Counts VI, VII, and VIII.   Rather, defendants ask the court to dismiss these counts without prejudice.  Defendants have failed to explain or justify this request and have not filed a separate motion seeking such relief.  For these reasons, to the extent defendants' response to the present motion seeks dismissal without prejudice of Counts VI, VII, and VIII, such request is denied.

**B.      Is the joinder of Jim Little futile?**

Plaintiffs assert that Jim Little served as principal of Liberal High School during the relevant time period, and thus "is a proper party to this litigation."[7]  Defendants argue that for statute of limitation reasons, joining Mr. Little would be futile and plaintiffs' Motion to Amend should be denied.[8]

### 1.      Standard

Rule 15 of the Federal Rules of Civil Procedure allows one amendment of the pleadings, prior to service of a responsive pleading or within twenty days after service.  Any subsequent amendments are permitted only by written consent of an adverse party or by leave of court.[9] Subsequent amendments should be "freely given when justice so requires."[10]

"'If a proposed amendment is not clearly futile, then denial of leave to amend is improper.'"[11] "The court may deny a motion to amend as futile if the proposed amendment would

---

[7]*See* Motion (Doc. 64).

[8]*See* Response (Doc. 71) at p. 2.

[9]*See* Fed. R. Civ. P. 15(a).

[10]*Id.*

[11]*Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citing 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1487, at 637-43 & n. 23

not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[12]  Consequently, "'the court must analyze a proposed amendment as if it were before the court upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).'"[13]  Only when it appears beyond a reasonable doubt that a plaintiff can prove no set of facts in support of the theory of recovery that would entitle her or him to relief is dismissal of a claim under Rule 12(b)(6) appropriate.[14]

### 2.      Statute of Limitations.

Defendants argue that claims against Mr. Little are now clearly barred by the statute of limitations and thus joining Mr. Little is futile.  Plaintiffs' proposed Amended Complaints claim violations of 42 U.S.C. § 1983, intentional failure to supervise, negligent failure to supervise children, battery, negligent supervision, retention and hiring, breach of fiduciary duty, and negligent entrustment[15] against Mr. Little.

### a.      Does K.S.A. 60-515(a) apply to preclude joinder of Jim Little?

Plaintiff G.B. claims that events which give rise to this action occurred "between 2001 and 2002"[16] while plaintiff C.T. claims the events occurred "between 1999 and 2002."[17] Defendants

---

(2d ed. 1990)).  *See also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[12]*Stewart*, 216 F.R.D. at 664 (citations omitted).

[13]*Id.* (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001)).

[14]*Maher v. Durango Metals, Inc*., 144 F.3d 1302, 1304 (10th Cir. 1998).

[15] *See* Motion (Doc. 64) at p. 3; *id.* (Exhibit A) and (Exhibit C).

[16]*See* Case No. 06-2360-JWL (Doc. 1) at p. 3.

[17]Amended Complaint (Doc. 17) at p. 3.

4

argue that normally the statutes of limitations on all plaintiffs' claims would have run by at least 2005.[18]   However, defendants argue that K.S.A. 60-515(a) is applicable and plaintiffs have an additional year after their eighteenth birthday within which to bring their suits.

K.S.A. 60-515(a) seeks to "'mitigate the difficulties of preparing and maintaining a civil suit while the plaintiff is under a legal disability.'"[19]  Rather than extend, interrupt, or suspend the statute of limitations, K.S.A. 60-515(a) merely tolls the statue of limitations under certain circumstances.[20]  For minors, except as provided in K.S.A. 60-523, K.S.A. 60-515(a) tolls the  statue of limitation by allowing minors to file suit within one year after reaching the age of eighteen.[21]

Defendants thus argue that under  K.S.A. 60-515(a), plaintiffs cannot allege a suit against Mr. Little.  Plaintiff C.T. was born March 11, 1987,[22] Plaintiff J.B. was born March 8, 1988,[23] and Plaintiff G.B. was born November 10, 1987.[24]  Plaintiffs all filed their original complaints before their nineteenth birthdays.[25]  However, the present motion was filed on February 12, 2007 and is thus

---

[18]Response (Doc. 71) at p. 3.  The statute of limitations for  42 U.S.C 1983 claims is two years. *Brown v. Unites States*, 465 F. 3d 1184, 1188 (10th Cir. 2006).  In Kansas, the statute of limitations for general tort claims in two years  K.S.A. 60-513(a)(4) and for battery is only one year K.S.A. 60-514(b).

[19]*See* K.S.A. 60-515(a); *Dockery v. Unified Sch. Dist., No. 231,* 382 F. Supp. 2d. 1234, 1244 (D. Kan. 2005).

[20]*Id.*

[21]*Id.*

[22]*See* Amended Complaint (Doc. 17) at p. 3.

[23]*See* Case No. 06-2359-JWL, Complaint (Doc. 1) at p. 3.

[24]*See* Case. No. 06-2360-JWL, Complaint (Doc. 1) at p. 3.

[25]Plaintiff C.T. filed his original complaint on March 10, 2006, one day before his nineteenth birthday.  *See* Complaint (Doc. 1).  Plaintiffs G.B. and J.B.  filed their complaints on

after defendants C.T. and G.B.'s nineteenth birthday.[26]  If K.S.A. 60-515(a) were applicable and plaintiffs C.T. and G.B.'s claims against Mr. Little did not relate back to the filing of their original pleadings,[27] then K.S.A. 60-515(a) would bar plaintiffs C.T. and G.B.'s claims against Mr. Little.

   **b.**  **K.S.A. 60-523 could apply to the present cases.**

   However, the court finds that the existence of K.S.A. 60-515 does not dispose of the issue. The Tenth Circuit has held that "by its plain language" K.S.A. 60-515(a) "no longer applies to childhood sexual abuse claims governed by § 60-523."[28]  K.S.A. 60-523(a) states: "No action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced more than three years after the date the person attains 18 years of age or more than three years from the date the person discovers or reasonably should have discovered that the injury or illness caused by childhood sexual abuse, whichever occurs later."  K.S.A. 60-523(b) defines "Childhood sexual abuse" as including "any act committed against the person which act occurred when the person was under the age of 18 years and which act would have been a violation of" various acts of childhood

---

August 29, 2006.  *See* Case Nos. 06-2359-JWL (Doc. 1) and 06-2360-JWL Complaint (Doc. 1). The court notes that plaintiff J.B. would have been seventeen when he filed his original claim, though he is now eighteen.  Pursuant to K.S.A. 60-217, a minor is not entitled to file a lawsuit in his or her own name, rather a guardian or "next friend" who is an adult must commence the action.  *See Dockery*, 382 F. Supp. 2d. at 1244.  However, that issue is not presently before the court and thus the court will not herein address that issue.

  [26]Defendants appear to argue that all plaintiffs should be prevented from amending their claims against Mr. Little because the statute of limitations makes such claims futile.  However, only C.T. and G.B. filed the present motion passed their nineteenth birthday.

  [27]*See* Fed. R. Civ. P. 15(c).

  [28]*Cosgrove v. Kansas Dep't of Soc. & Rehab. Servs.*, 162 Fed. Appx. 823, 826-27 (10th Cir. 2006).

sexual abuse as defined in K.S.A. 60-523(b)(2)(A) including indecent liberties with a child[29] and indecent solicitation of a child.[30]

Here, it is not beyond a reasonable doubt that plaintiffs could prove a set of facts that would support their theories of recovery so as to survive a motion for dismissal filed by Mr. Little.[31] Specifically, plaintiffs could prove that the present actions are "for recovery of damages suffered as a result of childhood sexual abuse" and that K.S.A. 60-523 would apply. Plaintiffs decline to specify the type of sexual abuse Mr. Aubrey allegedly committed. Rather, plaintiffs describe Mr. Aubrey's conduct against the plaintiffs as "sexual misconduct"[32], "sexual advances"[33] and "sexual assault."[34] However, the court finds that these allegations could fall within the ambient of the "Childhood sexual abuse" as outlined in K.S.A. 60-523(b)(2)(A). Moreover, plaintiffs have brought suit, in part, against those who allegedly failed to prevent "childhood sexual abuse."[35] Thus, K.S.A.

---

[29]K.S.A. 31-3503.

[30]K.S.A. 21-3510.

[31]*Maher v. Durango Metals, Inc*., 144 F.3d 1302, 1304 (10th Cir. 1998).

[32]*See e.g.,* Motion (Exhibit A) at p. 3.

[33]*Id.* at 6.

[34]*Id.* at 5.

[35]*See e.g. Cosgrove v. Kansas Dep't of Soc. & Rehab. Servs*., 162 Fed. Appx. 823 (10th Cir. 2006)(finding K.S.A. 60-523 could apply to plaintiff's 42 U.S.C. § 1983 claims against a state agency for placing him in an abusive foster home); *Ripley v. Tobert*, 206 Kan. 491, 492 (wherein K.S.A. 60-523 was found applicable to plaintiff's claims against her mother to recover damages "for not preventing the sexual abuse" committed by plaintiff's father); *Swartz v. Swartz*, 20 Kan. App. 2d 704 (1995)(wherein plaintiff sued her mother for "fail[ing] to properly supervise her" and for leaving plaintiff in the care of a sexual abuser).
  Both the *Ripley* and *Swartz* courts found that the plaintiffs' claims against their parents were time barred. However, the courts never indicated that plaintiffs' claims against parties who were not the physical perpetrators of the sexual abuse did not fall within the ambient of K.S.A.

60-523 , rather than K.S.A. 60-515, could apply in the present case and the present motion to amend would not necessarily be futile.[36]

**C.     Whether Mr. Little can properly be joined.**

Defendants also argue that the mere fact that Mr. Little served as principal of Liberal School District is not a sufficient basis to name Mr. Little has a party.[37]

The rule governing permissive joinder, Fed. R. Civ. P. 20(a), provides:

> All persons may join in one action...as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Rule 20 sets out a two-part test for joinder: (1) whether the claims against defendants arise out of the same transaction or occurrence; and (2) whether there are common questions of law or fact to all defendants.

The court finds the claims against Mr. Little arise out of the same series of transactions as the claims against the other defendants.  Plaintiffs' claims involve defendant Aubrey's alleged sexual abuse of plaintiffs.  Further, most claims against the other defendants stem from defendants' knowledge or constructive knowledge of defendant Aubrey's past history of sexual misconduct.[38] Moreover, the court believes that questions of law or fact are common to all defendants, including Mr. Little.  Consequently, the court concludes that joinder of Mr. Little is permissible under Rule 20.

---

60-523.

[36]*Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[37]Response (Doc. 71) at p. 5.

[38]*See e.g.* Motion (Doc. 64)(Exhibit A) at p. 5.

Accordingly, and for good cause shown,

**IT IS THEREFORE ORDERED** that plaintiffs' Combined Motion to Join Additional Parties and Otherwise Amend Pleadings (Doc. 64) is granted.  The Clerk's office is directed to file (1) Attachment 1 to (Doc. 64) as plaintiff C.T.'s Second Amended Complaint in Case No. 06-2093-JWL; (2) Attachment 2 to (Doc. 64) as plaintiff J.B.'s First Amended Complaint in Case No. 06-2359-JWL; and (3) Attachment 3 to (Doc. 64) as plaintiff G.B.'s First Amended Complaint in Case No. 06-2360-JWL.[39]  The Clerk's office is further directed to terminate Mr. James Maskus as a defendant in the above referenced cases.

**IT IS SO ORDERED.**

Dated this 15th  day of March, 2007, at Topeka, Kansas.

 s/ K. Gary Sebelius    
K. Gary Sebelius
U.S. Magistrate Judge

---

[39]Plaintiffs bear the responsibility of proper service of the amended complaint upon any defendant added to any of these cases as a result of this order.

9