IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

C.T.,

                    Plaintiff,

v.                                                    Case No.  06-2093-JWL

LIBERAL SCHOOL DISTRICT, et al.,

                    Defendants.
_____

G.B.,

                    Plaintiff,

v.                                                    Case No.  06-2360-JWL

LIBERAL SCHOOL DISTRICT, et al.,

                    Defendants.
_____

J.B.,

                    Plaintiff,

v.                                                    Case No.  06-2359-JWL

LIBERAL SCHOOL DISTRICT, et al.,

                    Defendants.

## **MEMORANDUM AND ORDER**

This matter comes before the court upon defendants James Maskus, Liberal School District

USD #480, Dave Webb, Gary Cornelson, Tom Scott, and Mike Pewthers' ("defendants")[1] Motion

_____

[1]While these cases involve other defendants, for the purposes of this motion, the court
will describe these specified defendants as "defendants."

1

to Compel  (Doc. 48) and Memorandum in Support (Doc. 49).[2]  Plaintiffs filed a Joint Motion for

Extension of Time to File Opposition to Defendants' Motion to Compel out of time (Doc. 54) to

which defendants objected (Doc. 56).  Without first receiving leave of the court, plaintiffs filed their

response to defendants' motion to compel out of time (Doc. 62) to which defendants replied (Doc.

66).  The matters are thus fully briefed and ripe for discussion.

### I.      Preliminary Issue: (Doc. 54).

While defendants oppose[3]  plaintiffs' Joint Motion for Extension of Time to File Opposition

to Defendants' Motion to Compel, the court finds that plaintiffs demonstrated good cause to delay

filing their response to the underlying motion to compel.  Plaintiffs' motion for extension detailed

plaintiffs' counsel's hectic schedule around their response deadline, including meeting certain

deposition deadlines in the present cases.  Moreover, plaintiffs' motion for extension was filed

within the time period allowed under D. Kan. R. 6.1(a).[4]  Further, plaintiffs only sought a one week

extension.  Accordingly, and for good cause shown, the court hereby grants plaintiff's Joint Motion

for Extension of Time to File Opposition to Defendants' Motion to Compel (Doc. 54).  Thus, the

court will consider plaintiffs' late filed response (Doc. 62) to the underlying motion to compel.

### II.     Discussion

Defendants, in the present motion, contend that plaintiffs have not responded to defendants'

various interrogatories and requests for production.  Defendants also contend that plaintiffs have

---

[2]No other defendants have filed a response.

[3]*See* (Doc. 56).

[4]"Extensions will not be granted unless the motion is made before the expiration of the specified time . . . ."  D. Kan. R. 6.1(a).  Plaintiffs' response to the underlying motion to compel was due February 1, 2007 and their filed their requested extension on that date.

not supplied authorizations necessary to the release of various records and that plaintiffs' damage calculations contained in their Rule 26(a) disclosures are insufficient.

Plaintiffs respond that much of defendants' motion to compel is now moot because plaintiffs have sent defendants plaintiffs' medical authorizations and have supplied defendant with "the sum total of all documents in the possession of plaintiffs . . . except for privileged documents."[5] Plaintiffs also admit that they had not yet responded to all of defendants' 400 interrogatories.[6]

Defendants reply that the motion to compel is not moot. Defendants contend that none of the plaintiffs have provided any responses to defendants' Request for Production and only one of the plaintiffs "ha[s] made any attempt to provide inadequate Interrogatory responses and none of the three plaintiffs have properly provided a damage disclosure pursuant to Rule 26(a)."[7] Defendants also contend that only some of the medical authorizations have been provided by plaintiff.[8]

The present motion to compel seeks to compel "plaintiffs to provide discovery responses, authorizations, and proper Rule 26(a) disclosures forthwith."[9] Specifically, defendants ask the court to enter an "Order compelling plaintiffs to provide full and complete responses, without objection, to the interrogatories and Request for Production previously served upon them, to provide the

---

[5]Response (Doc. 62) at p. 4.

[6]*Id.* at 5. Pursuant to the parties' scheduling order, "[n]o party shall serve more than 40 interrogatories, including all discrete subparts, to any other party." *See* Scheduling Order (Doc. 42) at p. 5. Because plaintiffs have sued numerous defendants, and because each defendant is entitled to 40 interrogatories, plaintiffs' burden of responding to as many as 400 interrogatories is not unexpected.

[7]Reply (Doc. 66) at p. 2.

[8]*Id.* at 3.

[9]*See* Motion to Compel (Doc. 48) at p. 2.

3

properly executed authorizations, and to provide proper Rule 26(a) Disclosures forthwith . . . ."[10]

### A. Certification Requirement

Defendants argue that they have met the certification requirement of D. Kan. R. 37.2.[11]  The

court, however, is unable to find any such certification.  Pursuant to Fed. R. Civ. P. 37, a motion to

compel must include, "a certification that the movant has in good faith conferred or attempted to

confer with the person or party failing to make the discovery in an effort to secure the information

or material without court action."  Moreover, D. Kan. Rule 37.2 provides in part:

> The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for
> the moving party has conferred or has made reasonable effort to confer with opposing
> counsel concerning the matter in dispute prior to filing a motion.  Every certification
> required by Fed. R. Civ. P. . . 37 and this rule related to the efforts of the parties to resolve
> discovery or disclosure disputes shall describe with particularity the steps taken by all
> counsel to resolve the issue in dispute.  A 'reasonable effort to confer' means more than
> mailing or faxing a letter to the opposing party.  It requires that the parties in good faith
> converse, confer, compare views, consult and deliberate or in good faith attempt to do so.

Plaintiffs' response to the underlying motion to compel, as well as other documents in the

record, indicate that "a reasonable effort to confer" did not occur.   Plaintiffs filed a Motion to

Extend Discovery[12] on January 18, 2007, the same day defendants filed the present motion to

compel.[13]    In their response to the present motion, plaintiffs state that they "sought the 60 day

extension of the discovery deadline, with the understanding that such additional time would be used

to provide Defendants with the medical releases and Interrogatory answers it wanted prior to the

---

[10]*See* Memorandum in Support (Doc. 49) at p. 5.  The court cannot compel the plaintiffs
to respond to interrogatories or requests for production without objection.

[11]Memorandum in Support (Doc. 49) at p. 3 ("Defendants have complied with local Rule
37.2 and Federal Rule of Civil Procedure 37 prior to the filing of this Motion to Compel.").

[12]Unopposed Motion to Amend Scheduling Order (Doc. 50).

[13]Motion to Compel (Doc. 48).

deposition of the plaintiffs and their parents."[14]  In an email dated January 17, 2007, one day before the filing of the instant motion, defense counsel informed plaintiffs' counsel that he "ha[s] no choice but to file the motion to compel tomorrow as my time for doing [sic] is running out and I think I have been extremely longsuffering."[15]

Had defendants properly conversed and conferred with plaintiffs prior to the filing of the instant motion, plaintiffs likely would not have believed that defendants had afforded them additional time to respond to the discovery at issue.  Consequently, the court is inclined to believe that the requirements of D. Kan. Rule 37.2 were not met prior to the filing of the present motion. Indeed, in light of the lack of a certification to the contrary, the court is inclined to deny the present motion.

The court, however, is sympathetic to defendants' position.  Plaintiffs' response to the present motion readily admits to a diligent, but *late* responses to many of defendants' discovery requests.[16]  Consequently, the court will deny defendants' motion to compel without prejudice. However, the court cautions that subsequent motions to compel must meet the certification requirement.  Moreover, the court strongly encourages all parties to make a good faith effort to resolve discovery disputes before seeking court intervention.

### B.     Motion to Compel (Doc. 48).

---

[14]Response (Doc. 62) at p. 4 n.3.  *See also* Unopposed Motion to Amend Scheduling Order (Doc. 50) (wherein plaintiffs state "Plaintiffs' counsel has contacted defendants' counsel with respect to scheduling and discovery issues, and during the course of these discussions, defendants' counsel requested plaintiffs' counsel file this motion for extension in order to accommodate scheduling issues and conflicts.").

[15]Memorandum in Support (Doc. 49) (Exhibit B/19).

[16]*See* Response (Doc. 62).

D. Kan. R. 5.4.5 states in part that "filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless conventional filing is permitted by the court or the administrative procedures guide."  Moreover, D. Kan. Rule 37.1(a) states in part that "[m]otions under Fed. R. Civ. P. 37(a) directed at . . . interrogatories, requests for production or inspection, or requests for admissions under Fed. R. Civ. P. 30, 33, 34, or 36 or at the responses thereto, shall be accompanied by copies of . . . the portions of the interrogatories, [and] requests or responses in dispute."

The present motion indicates that defendants seek to compel requests for production as to every plaintiff.[17]  However, defendants have not included their Request for Production as to plaintiff G.B.[18]  As a general matter, defendants' entire motion to compel fails to specify the discovery defendants seek to compel.  Rather, defendants ask the court to compel plaintiffs to respond "to the interrogatories and Request for Production previously served upon them, to provide the properly executed authorizations, and to provide proper Rule 26(a) Disclosures forthwith . . . ."[19]  Other than exhibits attached to the present motion, the court  is unclear as to what interrogatories and requests for production have been served upon plaintiffs.  The court is hesitant to enter a broad order compelling plaintiffs to respond to any and all discovery requests previously served by defendants

---

[17]"Plaintiffs should, therefore, be compelled to provide full and complete responses, without objection, to all Requests for Production served upon them by these defendants." Memorandum in Support (Doc. 49).

[18]Defendants attach their Request for Production to plaintiff C.T. and their Second Request for Production to plaintiff C.T. at the end of Exhibit 6 to the present motion. Defendants also attach their Request for Production as to plaintiff J.B. at the end of their Exhibit B5 and again at the end of their Exhibit C4.

[19]*See* Memorandum in Support (Doc. 49) at p. 5.  Moreover, the court cannot compel the plaintiffs to respond to interrogatories or requests for production without objection.  Plaintiffs might have legitimate objections to the discovery sought by defendants.

without actually knowing what discovery requests defendants seek to compel.

Moreover, defendants have not included plaintiffs' allegedly insufficient 26(a)(1) disclosures as an attachment to the present motion[20] and the court finds it cannot evaluate plaintiffs' alleged insufficiency without such an attachment.  Further, in the present motion, defendants have failed to specify what "authorizations" plaintiffs have failed to sign and upon what basis defendants seek their compulsion.[21]  Considering defendants' lack of specificity, the court is not inclined to speculate as to the nature of the documents neither attached to, nor fully explained in, the present motion.

### III.    Conclusion

Plaintiffs should not construe the court's ruling as condoning plaintiffs' failure to timely respond to defendants' discovery requests.  The court finds many of plaintiffs' justifications for their untimely responses insufficient.[22]  However, defendants' failure to properly confer with plaintiffs prior to filing the instant motion, coupled with defendants' failure to detail their discovery requests, makes resolution of these issues by the court an overly speculative venture.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Joint Motion for Extension of Time to File Opposition to Defendants' Motion to Compel (Doc. 54) is granted.

**IT IS FURTHER ORDERED** that defendants' Motion to Compel (Doc. 49) is hereby denied without prejudice.

---

[20]Defendants have simply argued that plaintiffs have not adequately supplied defendants with a damage calculation.

[21]For example, only in their reply brief do defendants note that they are seek to compel "employment authorizations and educational authorizations" from plaintiffs.  *See* Reply (Doc. 66) at p. 6.

[22]*See* Response (Doc. 62).

**IT IS SO ORDERED.**

Dated this 27thday of April, 2007, at Topeka, Kansas.

 s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge