**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| C.T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2093-JWL |
| | ) | |
| LIBERAL SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| G.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2360-JWL |
| | ) | |
| LIBERAL SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| J.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2359-JWL |
| | ) | |
| LIBERAL SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This matter comes before the court upon defendants James Maskus, Liberal School District USD #480, Gary Cornelson, Dave Webb, Tom Scott, James Little, and Mike Pewithers'

1

("defendants")[1]  motion to compel plaintiff G.B. to produce documents listed in his privilege log (Doc. 88) and Memorandum in Support (Doc. 89).[2]  Plaintiff G. B. has filed a timely response (Doc. 114).  Defendants have not filed a reply, and the time to do so has passed.[3]  The issues are thus fully briefed and ripe for decision.  As explained below, the court denies defendants' motion without prejudice.

**I.     Background**

On November 22, 2006 defendants served plaintiff G.B. with certain discovery requests[4] including requests for production of documents.  At the court's telephone scheduling conference, the parties and the court agreed that all previously served discovery requests would be deemed to have been served on November 27, 2006 with responses due by December 27, 2006.[5]  On February 20, 2007, plaintiff G.B. filed his response to defendants' requests for production.  These responses to defendants' request for production include several objections to requests based on attorney-client privilege and work production.[6]  On March 19, 2007, plaintiff G.B. submitted his privilege log to defendants.[7]  Each entry in G.B.'s privilege log merely lists the form of the document is, i.e. whether

---

[1] While these cases involve other defendants, for the purposes of this motion, the court will describe these specified defendants as "defendants."

[2] Memorandum in Support (Doc. 89) at Exhibit C3/Exhibit 9.

[3] Pursuant to D. Kan. 6.1(d), defendants' reply was due on April 23, 2007.

[4] *See* Memorandum in Support (Doc. 89) at p. 2.  *See also* Notice of Service . . . of Discovery request to G.B. (Doc. 39).

[5] Memorandum in Support (Doc. 89) at p. 3.

[6] *Id* at 2-3.

[7] *Id.* at 3.

2

it is a letter or an email, from whom and to whom it was sent, and the document's date and page length.[8] Only in a subsequent email correspondence from plaintiff's counsel to the defendants does plaintiff explain the relationships between the individuals who sent and received the documents.[9]

All the documents listed on plaintiff G.B.'s privilege log relate in some way to Brent Goodwin who is a "teacher and . . . former coach from the defendants' school district and the father of [plaintiff] G.B."[10] The documents listed on G.B.'s privilege log fall into several categories. First, the privilege log contains correspondence sent from Mr. Goodwin to Gregory Love[11], the first attorney contacted/retained by Mr. Goodwin on behalf of G.B[12], and documents authored by Mr. Love and sent to Mr. Goodwin.[13] These documents were all written by Mr. Goodwin when his son G.B. was under the age of 18.[14] Second, there is correspondence sent from Mr. Goodwin to James Adler,[15] the second attorney Mr. Goodwin contacted/retained on behalf of his son[16] and documents

---

[8]Memorandum in Support (Doc. 89) at Exhibit C3/Exhibit 9.

[9]*Id.* at (Exhibit D).

[10] Memorandum in Support (Doc. 89) at p. 4.

[11]*Id.* Docs. 23-27, 29-91, 93-113, 115-151.  Document # 114 was sent from "Kathe [sic] Goodwin" presumably G.B's mother or relative, to Mr. Love.

[12]Response (Doc. 114) at p. 5.

[13]*See* Memorandum in Support (Doc. 89) at Exhibit C3/Exhibit 9 (Doc. #28 "Memorandum prepared by Greg S. Love", Doc. #92, "Letter from Gregory S. Love to Charlie Keys, private investigator.").

[14]  Plaintiff G.B. was born November 10, 1987.  *See* Case. No. 06-2360-JWL, Complaint (Doc. 1) at p. 3.

[15]Memorandum in Support (Doc. 89) at Exhibit C3/Exhibit 9 (Docs. 21-22).

[16]Response (Doc. 114) at p. 5.

authored by and Mr. Adler[17] and sent to Mr. Goodwin.  Several of these documents were authored when plaintiff G.B. was both a minor and over eighteen.  Finally, there is correspondent written by Mr. Goodwin and sent to G.B.'s present attorneys or their staff.[18]  All of these documents were authored when G.B. was no longer a minor.

Defendants contend that their dispute with plaintiff G.B. regarding his response to their request for production have been settled save for the production of documents listed in G.B.'s privilege log which the defendants claim are not privileged and responsive to their discovery requests.[19]  Specifically, defendants contend that (1) Plaintiff G.B. has only raised a claim of attorney-client privilege and not work product; (2) G.B. has waived his attorney-client privilege because it was not timely raised; and (3) G.B.'s claim of attorney-client privilege is not properly supported.

In turn, plaintiff G.B. argues that (1) the untimely submission of G.B.'s response and privilege log does not waive G.B.'s attorney-client privilege or work product immunity (2) Brent Goodwin, plaintiff G.B.'s father and author of most of the disputed correspondence, acted as G.B.'s agent and thus Mr. Goodwin's correspondence with G.B.'s attorneys is covered by attorney-client privilege; and (3) Mr. Goodwin was a client of attorneys in his own right and thus attorney-client privilege should apply.

Aside from asserting the privileges under attorney-client and work product, plaintiff does

---

[17] *See id.* (Docs. 19-20).

[18]*See id.* (Docs. 1-18).  Plaintiff explains who is who in a separate email correspondent to defendants.  *See id.* at Exhibit D/Exhibit 10.

[19]*Id.* at 2 ("The parties have resolved all of their differences with the exception of plaintiff's refusal to provide certain correspondence as set forth in inadequate and belated served privilege log.").

4

not raise any other objection to the production of the documents listed on the his privilege log. As a result, the court will only address whether the documents contained in the privilege log are privileged. As detailed below, the court denies defendants' motion to compel without prejudice.

## II.  Waiver because of failure to timely raise the privilege.

Defendants argue that plaintiff G.B. failed to make a timely objection regarding attorney-client privilege and or work product immunity, and thus G.B.'s claim as to those privileges is waived.[20] Specifically, defendants argue that a "[a] claim of attorney client privilege is waived if it is not timely asserted in the initial response to discovery requests."[21] It is true that a failure to timely object to an interrogatory or request for production results in waiver of that objection.[22] Fed. R. Civ. P. 34(b) states in part:"[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request."

Defendants cite *Cardenas v. Dorel Juvenile Group, Inc*. for the proposition that a waiver of attorney client privilege can occur if not timely asserted.[23] In *Cardenas v. Dorel Juvenile Group, Inc*., the court found that because plaintiffs had failed to assert their privilege and work product objections in their initial response to the interrogatory in dispute such objections were waived.[24] The court determined that plaintiffs could not assert privilege and work product immunity *for the first*

---

[20]Memorandum in Support (Doc. 89) at p. 5-6.

[21]*Id.* at 5 (citing Cardenas v. Dorel Juvenile Group, Inc., Case No. 04-2478-KVH, pp. 17-18 (D. Kan. 2005).

[22]*Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618 (D. Kan. 2005)(citation omitted).

[23]*Id.*

[24]*Id.*

5

*time* in their response to the pending motion to compel[25]

Here, the facts in the present case are distinguishable from that of *Cardenas*. As to both plaintiff's belatedly produced responses and privilege log, plaintiff should have requested extensions from the court. However, the court finds that in the instant case plaintiff's significant tardiness does not waive any objection he might have to the discovery requests. The court in *Cardenas* held that plaintiffs had failed to raise the privilege issue *at all* prior to their responses to the motion to compel. Here, plaintiff raised both privileges in his initial Rule 26(a) disclosures[26] and in his, albeit late produced, responses to requests for production.[27] As such, the court finds that plaintiff has not waived his claims of privilege due to his failure to timely respond to defendants' discovery requests.

## II.    Sufficiency of Privilege Log.

As discussed below, the court believes the best course of action is to deny the present motion without prejudice and require plaintiff to supplement his privilege log.

### A.    Standard

Fed. R. Civ. P. 26(b)(5) governs the parties' withholding of information due to privilege. Specifically, Fed. R. Civ. P. 26(b)(5) states:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to access the applicability of the privilege or protection.

---

[25]*Id.*

[26]Response (Doc. 114) at p. 2. ("1. Notes and memos of plaintiff prepared at the direction of his attorneys. 2. Correspondence between plaintiff and his attorney 3. Notes, memos and investigatory materials of plaintiff's attorneys.").

[27]*See* Memorandum in Support (Doc. 89) at Exhibit B3.

6

"The information provided [in a privilege log] must be sufficient to enable the court to determine whether each element of the asserted privilege or protection is satisfied."[28] Indeed, "[a] failure of proof as to any element of the privilege causes the claim of privilege to fail."[29] Courts in the District of Kansas have required a privilege log to contain the following information:

1. A description of the document emplaning whether the document is a memorandum, letter, e-mail, etc.;
2. The date upon which the document was prepared;
3. The date of the document (if different from #2);
4. The identity of the person(s) who prepared the document;
5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including any evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"
6. The purpose of preparing the document, including any evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course and scope of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;"
    a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and

    a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"
7. The number of pages of the document;
8. The party's basis "for withholding discovery of the document (i.e. the specific privilege or protection being asserted); and
9. Any other pertinent information necessary to establish the elements of each asserted privilege.[30]

"The law is well-settled that, if a party fails to make the required showing, by not producing a

---

[28]*In re Universal Serv. Fund. Tel. Billing Practices Litig.*, 232 F.R.D. 669, 673 (D. Kan. 2005); *Employees Reinsurance Corp. v. Claredon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003);

[29]*Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995)(citation omitted).

[30]*See In re Universal Serv. Fund. Tel. Billing Practices Litig*, 232 F.R.D. at 673; *McCoo v. Denny's Inc*, 192 F.R.D. 675, 680 (D. Kan. 2002); *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995).

privilege log or by *providing an inadequate one*, the court may deem the privilege waived."[31]

However, "minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding waiver."[32]

### B. Discussion

Here, it is clear that plaintiff G.B.'s privilege log is inadequate. Each entry in G.B.'s privilege log merely lists what form the document is, i.e. whether it is a letter or an email, from whom and to whom it was sent, and the document's date and page length.[33] Indeed, at no point does G.B. specify as to which document has protection under which privilege, this alone makes the privilege log insufficient.[34] "It is not feasible to determine whether each element of an asserted privilege or protection is satisfied for an individual document when the privilege itself is not identified on a document-by-document basis. For this alone, the log is inadequate."[35]

---

[31]*In re Universal Serv. Fund. Tel. Billing Practices Litig*, 232 F.R.D. at 671 (citing *Employers Reinsurance Corp. v. Calredon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003))(emphasis added); *Haid v. Wal-Mart Stores, Inc*., 99-4186-RDR, 2001 U.S. Dist. LEXIS 10564 at * 3-4 (D. Kan. June 25, 2001).

[32]*In re Universal Serv. Fund. Tel. Billing Practices Litig*, 232 F.R.D. at 671-72.

[33]Memorandum in Support (Doc. 89) at Exhibit C3/Exhibit 9.

[34]*See Heavin v. Owens-Corning Fiberglass*, No. 02-2573-KHV, 2004 U.S. Dist. LEXIS 2265 at *7 (D. Kan. February 3, 2004)("[T]he Court finds Defendant's privilege log deficient. First and foremost, the log fails to identify the specific privilege/protection being asserted.").

[35]*Id. See also In re Universal Serv. Fund. Tel. Billing Practices Litig*, 232 F.R.D. at 671("The law is well-settled that, if a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived."). *See also Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 646 (D. Kan.2006) ( "The magistrate judge, however, is in the best position to evaluate in the context of this case whether defendant, by failing to assert the attorney-client privilege in its privilege log, waived the privilege."); *Jones v. Boeing Co.*, 163 F.R.D. 15, 18 (D. Kan. 1995)(finding that "a showing of privilege as to each document" is required).

However, even if the court were to find that G.B.'s omission of this crucial information harmless, the court could still find the log deficient because its fails to provide the necessary information to determine whether the elements of either the attorney-client privilege or the work product protection has been met.

While the court could find that plaintiff G.B. has waived his claims of privilege due to the insufficiency of his privilege log, "[i]n the absence of bad faith on the part of [the non-moving party] in preparing the . . . privilege log, . . . the Court will decline to find waiver" and instead require the non-moving party to supplement his privilege log.[36] Plaintiff has made just such a request.[37] As defendants have failed to file a reply, the court is without the benefit of their briefing as to this issue. Here, the court is inclined to require plaintiff G.B. to supplement his privilege log and deny defendants' motion without prejudice.

### III.   Conclusion

In light of the above, it is hereby ordered that defendants' Motion to Compel (Doc. 88) is denied without prejudice to refiling as set forth below.

**IT IS FURTHER ORDERED** that plaintiff G.B. shall prepare and submit to defendants an amended privilege log. Said amended privilege log shall be served on defendants by **June 4, 2007** and plaintiff G.B. shall file a certificate of service verifying that the amended privilege log was served on defendants. This amended privilege log shall contain a detailed description of the materials in dispute and the specific and precise reasons for its claim of protection from disclosure. The amended privilege log shall include, at a minimum, the following information for each

---

[36] *Heavin*, 2004 U.S. Dist. LEXIS 2265 at *23.

[37] Response (Doc. 114) at p. 6.

document withheld:

1. A description of the document emplaning whether the document is a memorandum, letter, e-mail, etc.;
2. The date upon which the document was prepared;
3. The date of the document (if different from #2);
4. The identity of the person(s) who prepared the document;
5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including any evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"
6. The purpose of preparing the document, including any evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course and scope of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;"
    a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and
    a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"
7. The number of pages of the document;
8. The party's basis "for withholding discovery of the document (i.e. the specific privilege or protection being asserted); and
9. Any other pertinent information necessary to establish the elements of each asserted privilege.

**IT IS FURTHER ORDERED** that the amended privilege log shall identify whether or not each email listed is a "string" or "strand" email. If any of the emails listed in the amended privilege log constitute a "string" or "strand" email, the amended privilege log "will also list each e-mail within a strand as a separate entry. Otherwise, the client may suffer a waiver of the attorney-client privilege or work product protection (and the lawyer may later draw a claim from the client)."[38]

**IT IS FURTHER ORDERED** that by **June 12, 2007** counsel for the parties shall confer within the meaning of D. Kan. Rule 37.2 and attempt to resolve the parties' dispute regarding privilege issues. In the event the parties are able to resolve their dispute, defendants shall so notify

---

[38]*In re Universal Serv. Fund. Tel. Billing Practices Litig*, 232 F.R.D. at 674.

the court. In the event the parties are unable to resolve their dispute,

**IT IS FURTHER ORDERED** that subsequent to June 12, 2007, but **before June 20, 2007**, defendants shall file a renewed Motion to Compel with any argument defendants wish to make regarding sufficiency of the amended privilege log and the validity of the asserted privileges/ protection. In addition, plaintiff G.B. shall, by **June 20, 2007**, file a copy of the amended privilege log and provide to the Court (but not defendants) copies of all documents listed in the amended privilege log for the court's *in camera* inspection.

The parties' briefings as to a subsequent Motion to Compel should address whether (1) Mr. Goodwin acted as an agent for his child G.B. so as to find protection under attorney-client privilege; (2) whether such an agency rule as it relates to attorney-client privilege applies in the District of Kansas; and (3) whether Mr. Goodwin himself was a client.

IT IS SO ORDERED

Dated this 24th day of May, 2007 at Topeka, Kansas.

                                         s/ K. Gary Sebelius
                                         K. Gary Sebelius
                                         United States Magistrate Judge