**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**C.T.,**
**Plaintiff,**

**v.**

**LIBERAL SCHOOL DISTRICT, et al.,**

**Defendants.**

**CONSOLIDATED CASES**

**Case No. 06-2093-JWL**

---

**G.B.,**
**Plaintiff,**

**v.**

**LIBERAL SCHOOL DISTRICT, et al.,**

**Defendants.**

**Case No. 06-2360-JWL**

---

**J.B.,**
**Plaintiff,**

**v.**

**LIBERAL SCHOOL DISTRICT, et al.,**

**Defendants.**

**Case No. 06-2359-JWL**

---

**MEMORANDUM AND ORDER**

These consolidated cases arise from allegations of sexual abuse and harassment by defendant Johnny L. Aubrey of the plaintiffs, who were minors at the time. Plaintiff G.B. was formerly a student in the defendant Liberal School District U.S.D. #480. He asserts

claims against, amongst others, the Liberal Amateur Wrestling Club and the United States of America Wrestling Association. This matter is before the court on these defendants' motion to dismiss (doc. #93 in Case No. 06-2093) G.B.'s first amended complaint for failure to state a claim upon which relief can be granted. Therein, the moving defendants ask the court to dismiss G.B.'s claims against them pursuant to 42 U.S.C. § 1983 as well as his state law claim for child sexual abuse and/or battery, and to decline to exercise supplemental jurisdiction over the remainder of G.B.'s state law claims against them. For the reasons explained below, this motion is granted with respect to G.B.'s § 1983 claim; it is denied with respect to G.B.'s state law claims.

**BACKGROUND**

The following facts are taken from the allegations in plaintiff G.B.'s first amended complaint (doc. #14 in Case No. 06-2360). Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court assumes the truth of these facts for purposes of analyzing the motion to dismiss.

G.B. alleges that Mr. Aubrey, the alleged abuser, worked as a volunteer coach for both the school district and the Liberal Amateur Wrestling Club and the United States of America Wrestling Association between 2001 and 2003. Plaintiff was between the ages of thirteen and fifteen at the time. Mr. Aubrey operated the athletic programs with the consent of both the school district and Liberal Wrestling and/or USA Wrestling. During that time, Liberal Wrestling and/or USA Wrestling leased and/or were given license to use the facilities of

Defendant School District for the clubs' wrestling programs. The sexual misconduct occurred at Mr. Aubrey's own home and on property owned and controlled by the school district. While a volunteer coach, Mr. Aubrey acted under the supervision of the school district and Liberal Wrestling and/or USA Wrestling. G.B. contends that Mr. Aubrey gained access to young males through the Wrestling Club defendants' programs that took place on school district property.

Mr. Aubrey had a history of sexual misconduct. He was prosecuted in 1989 for sexual misconduct with young males in Texas. The prosecution is a matter of public record. Plaintiff alleges that the Wrestling Club defendants knew about Mr. Aubrey's history of sexual misconduct with young males and that he was likely to commit future harm to children such as G.B. Plaintiff alleges that the Wrestling Club defendants "ratified, abetted and enabled" Mr. Aubrey to abuse plaintiff by permitting Mr. Aubrey to operate under their mantle, to use their facilities and associate with their programs, and to act as a volunteer coach and/or trainer for them. Additionally, the Wrestling Club defendants failed to report Mr. Aubrey to the proper authorities upon receiving information that he was engaging in sexual misconduct with the plaintiff and other similarly situated students.

G.B. asserts six claims against the defendants Liberal Wrestling and USA Wrestling. Count IV is a claim pursuant to 42 U.S.C. § 1983 for allegedly violating his Fourteenth Amendment equal protection and due process rights. All other claims arise out of state law, including: (Count VI) intentional failure to supervise Mr. Aubrey; (Count VIII) child sexual abuse and/or battery; (Count X) negligent failure to supervise children; (Count XII) negligent

supervision, retention, and hiring of Mr. Aubrey; and (Count XIII) breach of fiduciary duty. Liberal Wrestling and USA Wrestling argue that plaintiff's amended complaint fails to state a claim against them as to Count IV, his § 1983 claim, and Count VIII, child sexual abuse and/or battery. They further argue that if the court dismisses plaintiff's § 1983 claim against them the court should decline to exercise supplemental jurisdiction over the remainder of plaintiff's state law claims against them.

## LEGAL STANDARD FOR A MOTION TO DISMISS

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Beedle*, 422 F.3d at 1063. The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

## ANALYSIS

For the reasons explained below, the court finds that plaintiff's complaint does not contain sufficient factual allegations that the Wrestling Club defendants were acting under color of state law. Consequently, the court will grant their motion to dismiss plaintiff's § 1983 claim. Plaintiff's complaint, however, adequately states a claim upon which relief can be granted for child sexual abuse and/or battery. Additionally, although the court is dismissing plaintiff's § 1983 claim against the moving defendants, the court will not decline to exercise supplemental jurisdiction over plaintiff's state law claims against them.

## I. **Plaintiff's § 1983 Claim**

Defendants Liberal Wrestling and USA Wrestling contend that plaintiff's complaint fails to provide any facts to support his claim that these defendants were acting under color of state law. "To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law." *Garcia v. Lemaster*, 439 F.3d 1215, 1217 (10th Cir. 2006) (quotation omitted). Thus, the only proper defendants in a § 1983 claim are those who represent the state in some capacity. *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000). A defendant does not need to be an officer of the state in order to act under color of state law for purposes of § 1983 liability. *Id.* But, in order to implicate § 1983, the defendant's conduct must be "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1983). "Taking a flexible approach to an inherently murky calculation," *Tool Box v. Ogden City*

*Corp.*, 316 F.3d 1167, 1175 (10th Cir. 2003), "courts have applied four separate tests to determine whether a private party acted under color of law in causing an alleged deprivation of federal rights: (1) the nexus test; (2) the symbiotic relationship test; (3) the joint action test; and (4) the traditional public powers test or public functions test," *Sigmon*, 234 F.3d at 1125.

Disregarding plaintiff's conclusory allegations of state action, *see E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1306 (10th Cir. 2001) (disregarding conclusory allegations of state action which were unsupported by factual allegations), the thrust of the factual allegations which plaintiff contends support the notion that the Wrestling Club defendants were state actors is that Mr. Aubrey operated athletic programs with the endorsement of and/or under the supervision of the Wrestling Club defendants and the school district, using the school district's facilities. Plaintiff contends that these allegations satisfy the joint action test. Under the joint action test, state action is present if a private party willfully participates in joint action with the state or its agents. *Johnson v. Rodrigues*, 293 F.3d 1196, 1205 (10th Cir. 2002) (quotations omitted). In this analysis, the court examines "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* State action generally exists if there is a substantial degree of cooperative action between state and private officials or if there is overt and significant state preparation in carrying out the deprivation of the plaintiff's constitutional rights. *Id.* To satisfy the joint action test, the public and private actors must share a common, unconstitutional goal. *Sigmon*, 234 F.3d at 1126. "[T]he pleadings must specifically present facts tending to show agreement and concerted action." *Id.*

Here, accepting as true plaintiff's allegations that the school district and the Wrestling Club defendants were jointly responsible for Mr. Aubrey's volunteer operations of the wrestling programs, there are no factual allegations in plaintiff's complaint to suggest that the Wrestling Club defendants and the school district and/or Mr. Aubrey shared the common, unconstitutional goal of subjecting plaintiff to sexual abuse at the hands of Mr. Aubrey. In other words, plaintiff's complaint does not specifically present facts tending to show their agreement as to the alleged acts which led to the deprivation of plaintiff's constitutional rights. In the absence of such allegations, it appears beyond a doubt that plaintiff can prove no set of facts under which he would be entitled to relief. As the joint action test is the only state action theory advanced by plaintiff, then, the court will grant the Wrestling Club defendants' motion to dismiss this claim. *See, e.g.*, *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (affirming district court's dismissal of complaint where the plaintiff presented no facts establishing an agreement or meeting of the minds between the private defendants and the state actors).

## II. <u>Plaintiff's Child Sexual Abuse and/or Battery Claim</u>

Count VIII of plaintiff's amended complaint asserts a claim against all of the defendants except Mr. Aubrey for child sexual abuse and/or battery on the grounds that they ratified, abetted, and enabled Mr. Aubrey to abuse the plaintiff. The Wrestling Club defendants contend that this claim should be dismissed because Mr. Aubrey is the only defendant alleged in plaintiff's complaint to have committed the actual child sex abuse and/or

battery and, furthermore, that plaintiff's amended complaint does not include allegations sufficient to impose liability on defendants under a theory of vicarious liability or respondeat superior. In response to this argument, plaintiff advances three theories of liability: (1) "Section 537.046"; (2) the Wrestling Club defendants aided and abetted Mr. Aubrey; and (3) they ratified Mr. Aubrey's abuse of children.

Plaintiff does not explain his argument based on "Section 537.046." The court can only assume that it must be a reference to Mo. Rev. Stat. § 537.046, which sets forth the statute of limitations in Missouri for childhood sexual abuse claims. Missouri law, however, does not apply in this case. Plaintiff's claims arise from events and injuries that occurred in Kansas. As such, Kansas law applies to plaintiff's claims. *See Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731, 735 (1985) (law of the state where the tort occurred, meaning the place of injury, applies). Thus, plaintiff's reliance on this Missouri statute is misplaced.

The Wrestling Club defendants contend that plaintiff's aiding and abetting theory is without merit because the legal concept of aiding and abetting is strictly criminal in nature, and does not apply in the context of civil litigation. Aiding and abetting, however, "is a theory that is used to impose vicarious liability for concerted action." *State of Kansas v. Ridenhour*, 248 Kan. 919, 936, 811 P.2d 1220, 1231 (1991). In order to impose liability for aiding and abetting others, the following elements must be established: "(1) [t]he party whom the defendant aids must perform a wrongful act causing injury; (2) at the time the defendant provides assistance, he or she must be generally aware of his or her role in part of an overall tortious or illegal activity; and (3) the defendant must knowingly and substantially assist in

the principal violation." *York v. InTrust Bank, N.A.*, 265 Kan. 297-98, 962 P.2d 405, 424 (1998). In determining if the defendant's assistance in the principal violation was substantial, the court considers the following factors: (1) the nature of the tortious act, (2) the amount and kind of assistance given, (3) whether the defendant was present at the time of the tort, (4) the relationship between the defendant and the tortious actor, (5) the defendant's state of mind, and (6) the duration of the assistance the defendant provided. *Id.*

Viewing all reasonable inferences from the factual allegations in plaintiff's amended complaint in plaintiff's favor, as of course the court must at this procedural juncture, the court cannot say that it appears beyond a doubt that plaintiff can prove no set of facts under which plaintiff would be entitled to relief against the Wrestling Club defendants based on an aiding and abetting theory of liability. Plaintiff most certainly alleges that Mr. Aubrey performed a wrongful act causing injury. Additionally, he alleges that the Wrestling Club defendants knew about Mr. Aubrey's past sexual misconduct with minors in athletic programs, knew that he was likely to commit future harm to children such as the plaintiff, and they nevertheless permitted him to operate under their mantel, to associate with their programs, and to act as a volunteer coach and/or trainer for them. Plaintiff further alleges that they failed to report Mr. Aubrey to the proper authorities upon receiving information that he was engaging in sexual misconduct with plaintiff and other students. These allegations generally indicate that defendants were aware of their role in Mr. Aubrey's misconduct during the time period when he was serving as a volunteer in their programs and that they knowingly and substantially assisted in Mr. Aubrey's misconduct by allowing him to

continue as a volunteer in their programs and not reporting him to the proper authorities. These allegations are sufficient to state a claim under an aiding and abetting theory.

The Wrestling Club defendants also contend that plaintiff's ratification argument must fail because plaintiff's complaint does not allege facts to suggest that they had full knowledge of Mr. Aubrey's alleged unauthorized acts. "Ratification is the adoption or confirmation by a principal of an act performed on his behalf by an agent which act was performed without authority." *Schraft v. Leis*, 236 Kan. 28, 37, 686 P.2d 865, 874 (1984). Upon acquiring "full knowledge of all the material circumstances" of the agent's unauthorized act, *Prather v. Colo. Oil & Gas Corp.*, 218 Kan. 111, 117, 542 P.2d 297, 303 (1975), the principal must promptly repudiate the act or it will be presumed that the principal has ratified and affirmed the act, *Theis v. duPont, Glore Forgan Inc.*, 212 Kan. 301, 304, 510 P.2d 1212, 1215 (1973). In this case, the court cannot say that it appears beyond a doubt based on the allegations in plaintiff's complaint that the Wrestling Club defendants did not ratify Mr. Aubrey's misconduct. According to plaintiff, they knew about his propensities and nevertheless allowed him to serve as a volunteer in their programs, then failed to report him to the authorities once they learned about his misconduct. Although plaintiff's allegations certainly are not elaborate, they are sufficient to give the Wrestling Club defendants' notice of the nature of plaintiff's claims against them. Accordingly, their motion to dismiss this claim is denied.

## III. <u>Supplemental Jurisdiction Over Plaintiff's State Law Claims</u>

Finally, the Wrestling Club defendants argue that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims against them because the court has dismissed plaintiff's § 1983 claim against them. The court may decline to exercise supplemental jurisdiction over a claim if the court has "dismissed *all claims* over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added). Here, however, the court has not dismissed all factually related claims over which it has original jurisdiction. Plaintiff has also asserted claims against the school district under Title IX as well as a § 1983 claim against the other defendants. *See Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("*When all federal claims have been dismissed*, the court may . . . decline to exercise jurisdiction over any remaining state claims." (emphasis added)). Thus, dismissal under § 1367(c)(3) is not warranted at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that the Separate Defendants Liberal Amateur Wrestling Club, Inc. and United States of America Wrestling Association - Kansas, Inc.'s Motion to Dismiss (doc. #93) as to G.B.'s claims against them in Case No. 06-2360-JWL is granted as to plaintiff's § 1983 claim and denied as to plaintiff's state law claims.

**IT IS SO ORDERED** this 31st day of May, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge