**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**C.T.,**

       **Plaintiff,**                                         **CONSOLIDATED CASES**

       **v.**                                                     Case No.  06-2093-JWL

**LIBERAL SCHOOL DISTRICT, et al.,**

       **Defendants.**

---

**G.B.,**

       **Plaintiff,**

       **v.**                                                     Case No.  06-2360-JWL

**LIBERAL SCHOOL DISTRICT, et al.,**

       **Defendants.**

---

**J.B.,**

       **Plaintiff,**

       **v.**                                                     Case No.  06-2359-JWL

**LIBERAL SCHOOL DISTRICT, et al.,**

       **Defendants.**

---

**MEMORANDUM AND ORDER**

These consolidated cases arise from allegations of sexual abuse and harassment of the plaintiffs by defendant Johnny L. Aubrey. Plaintiffs were at all relevant times minors and participants in the Liberal School District wrestling program in which defendant Aubrey was

a volunteer coach. Plaintiffs assert various federal and state law claims against defendant Aubrey as well as the defendant school district and certain school district personnel (collectively, the school district defendants).[1] When the plaintiffs filed each of their lawsuits, they designated Kansas City, Kansas, as the place of trial for each of the cases. These cases now come before the court on the school district defendants' Motion to Transfer Individual Cases to Wichita for Adjudication and Trial (doc. #227).[2] For the reasons explained below, this motion is denied.

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a). *See Benson v. Hawker Beechcraft Corp.*, Case No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007) (citing cases).[3] That statute provides in pertinent part as follows:

---

[1] Plaintiff G.B. also asserts claims against the Liberal Amateur Wrestling Club and the United States of America Wrestling Association – Kansas, Inc., but the moving defendants explain (and plaintiff G.B. does not contend otherwise) that these defendants no longer remain in this litigation because they have reached settlement terms.

[2] Also pending before the court is Plaintiffs' Motion to Consolidate Cases for Trial (doc. #230), which the court hereby takes under advisement. The court will issue a ruling on the motion to consolidate in conjunction with its resolution of the parties' motions for summary judgment, if any.

[3] Section 1404(a) is inapplicable to intra-district transfers on its face because Kansas constitutes only one judicial district and division. The statute does provide, however, that the "district court may order any civil action to be tried at any place within the division in which it is pending." § 1404(c).

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." § 1404(a). This statute affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court should consider the following factors in determining whether to transfer a case:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516. The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

The school district defendants seek to transfer this case to Wichita on the grounds that it would be a more convenient location for trial than Kansas City because many of the school district defendants and witnesses (such as the school district superintendent, board members, representatives, teachers, and other officers) reside in or around Liberal, Kansas. By way of explanation, Liberal is more than two hundred miles west of Wichita, and Wichita is nearly two hundred miles southwest of Kansas. The roads are such that witnesses traveling by car

3

from Liberal to Kansas City would first travel approximately three hours to Wichita, then pass through Wichita and travel another approximately three hours to reach Kansas City. The school district defendants also point out that none of the other potential lay and expert witnesses reside in Kansas City and all live closer to Wichita than Kansas City with the only possible exception being two witnesses who would have to travel by plane from New York and Minnesota regardless of the trial location. Additionally, the events giving rise to this lawsuit are all alleged to have occurred in Liberal which, again, is closer to Wichita than Kansas City.

In the plaintiffs' response in opposition to the motion, they contend that the convenience-of-witnesses factor is a "push" because, although there are admittedly witnesses for whom a trial in Wichita would be more convenient, the parties have expressed their preference for a trial in Kansas City, Kansas City would be more convenient for plaintiffs' expert witnesses, and the various party and non-party witnesses who live out-of-state will be equally inconvenienced by either trial location. For example, defendants Gary Cornelson and Tom Scott live in Texas and defendant Jim Little lives in New Mexico; these witnesses are physically closer to Wichita, but the cost of flights to Kansas City is significantly less expensive than flights to Wichita. Plaintiffs also contend that, given the extensive media coverage and community interest in the failed criminal prosecution of Mr. Aubrey in Liberal, they believe that a trial location in Kansas City would afford the parties the best possible chance at a fair trial because Kansas City is farther away from Liberal. According to plaintiffs, moving the trial to Wichita would create minimal if any net increase in ease,

4

expedition, and economy. Thus, plaintiffs contend that their choice for trial should be left to stand.

Turning first to the plaintiffs' choice of forum, the plaintiff's choice of forum is ordinarily given considerable weight. *Scheidt*, 956 F.2d at 965. Defendants, however, point out that the plaintiffs do not reside in or around Kansas City. Specifically, C.T. resides in Manhattan, Kansas; G.B. resides in Stillwater, Oklahoma; and J.B. resides in Liberal, Kansas. Defendants correctly point out that when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates. *See Benson*, 2007 WL 1834010, at *2; *see also Barnes & Noble Booksellers, Inc. v. Town Center Plaza, LLC*, 2005 WL 2122803, at *2 (D. Kan. May 18, 2005) ("Although the plaintiff's choice of forum is generally accorded due deference, where the plaintiff's choice of forum is not its residence, it is given much less weight in ruling on a discretionary transfer motion."); 15 Charles Alan Wright et al., Federal Practice & Procedure § 3848, at 129-34 (3d ed. 2007) (observing that many courts give less deference to the plaintiff's choice of forum when the plaintiff resides elsewhere). Plaintiffs do not really dispute this, but point out that they all prefer for the trial to take place in Kansas City. This mere preference, however, is insufficient to warrant a significant level of deference to their chosen forum. Given the plaintiffs' lack of any residential connection to Kansas City, then, the court finds that this factor does not weigh in favor of either party.

The parties' more predominant argument is the location of trial in terms of the convenience of witnesses. After careful consideration of the parties' respective positions,

the court believes that the school district defendants have not met their burden of establishing that a trial in Kansas City would be inconvenient, on balance, for the entire body of parties and witnesses in this case. Defendants point out that plaintiffs G.B. and J.B. reside closer to Wichita than Kansas City (C.T. resides in Manhattan, which is about the same distance from each) and their parents all still reside in or near Liberal and presumably at least some of them will be witnesses at trial. But, defendants are not entitled to claim the benefit of this consideration because the plaintiffs and their parents have all expressed a preference for a trial location in Kansas City. Obviously, the Liberal School District is located in Liberal, which is closer to Wichita than Kansas City. Additionally, defendant Mike Pewthers lives in Liberal. Plaintiffs concede that the "undetermined, though reasonably small, number of non-party witnesses residing in and around Liberal . . . would be served by the shorter drive to Wichita." But, on the other hand, defendants Cornelson, Scott, and Little live in Texas and New Mexico and would probably be just as inconvenienced by a drive to Wichita as they would a flight to Kansas City. Defendant Webb lives in Gardner, which is a community located just on the fringe of the greater Kansas City metropolitan area. Plaintiffs also point out that their two experts reside in Minnesota and New York and, as such, the logistics of air travel make Kansas City a more convenient location for them. Defendants have not submitted anything from which the court could evaluate the precise locations of any other witnesses or, as to those located in Liberal, the quality or materiality of their anticipated testimony. *See, e.g.*, *Scheidt*, 956 F.2d at 966 (conclusory assertion of witness inconvenience constituted a "meager showing" that failed to demonstrate the requisite inconvenience).

Similarly, defendants generally allege that records custodians, presumably from Liberal, are much closer to Wichita "if" their testimony is necessary, but defendants do not state the extent to which such testimony is believed to be needed. In view of the circumstances surrounding this wide variety of witnesses, then, defendants have not persuaded the court that this factor necessarily weighs in favor of a trial in Wichita. At best, it weighs only marginally in favor of Wichita.

Plaintiffs state that the "prospect of a fair trial does not appear to be greatly impacted by the location of the trial in this case." They do, however, express some concern with the level of media coverage given to the criminal prosecution of Mr. Aubrey in Liberal and surrounding areas. Thus, they believe that the prospect of a fair trial is higher in Kansas City than in Wichita. Based on this explanation, the court is persuaded that this factor weighs slightly, but not significantly, in favor of retaining this case in Kansas City.

The final factor discussed by the parties involves all other considerations of a practical nature that make a trial easy, expeditious and economical. Here, the court notes that plaintiffs' counsel is located in Kansas City whereas counsel for the school district is located in Wichita. Shifting the inconvenience of an out-of-town trial from defense counsel to plaintiffs' counsel is, of course, not a permissible justification for a change in the trial location. *See Scheidt*, 956 F.2d at 966 (merely shifting the inconvenience from one side to the other is not a permissible justification for a change in venue).

In sum, the court finds that the school district defendants have presented a record that is sufficient detailed to establish that a trial in Kansas City would be so inconvenient that the

interests of justice would be best served by transferring this case to Wichita. Although a transfer to Wichita clearly would be more convenient for some witnesses involved in the case, it is equally clear that a trial in Kansas City would be more convenient for others. The record simply does not contain enough detailed information about the particular witnesses for whom Wichita would be a more convenient forum or the materiality of their anticipated testimony. And, having the trial a greater distance away from, but yet still not a substantial distance away from, Liberal is perhaps not a bad idea in light of the apparent publicity surrounding Mr. Aubrey's criminal prosecution. Accordingly, the school district defendants' motion to transfer this case to Wichita for trial is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the school district defendants' Motion to Transfer Individual Cases to Wichita for Adjudication and Trial (doc. #227) is denied.

**IT IS SO ORDERED** this 20th day of February, 2008.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge